**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| )| |
| v.        ) | Case No.: 2:07-cr-00016-SRW-ALL |
| ) | |
| JOSEPHINE MURRY        ) | |

### MOTION TO COMPEL OR, IN THE ALTERNATIVE, MOTION TO DISMISS

**COMES NOW** the Defendant, **Josephine Murry**, by and through undersigned counsel, and moves this honorable Court to compel production of materials requested as discovery under Rule 16, Fed. R. Crim. P., <u>Brady v. Maryland</u>, and this Court's February 4, 1999, Standing Order on Criminal Discovery, or, in the alternative, to dismiss the Information in this case. In support of this request Mrs. Murry submits the following:

### RELEVANT FACTS

1. The Information in this case alleges that on or about November 30, 2006, Mrs. Murry stole merchandise with a value of less than one thousand dollars. Pursuant to the discovery given to the defense, the Government alleges that Mrs. Murry switched discount tags on two articles of clothing, thereby receiving more of a discount on the already reduced sale price of those two articles of clothing.

2. Mrs. Murry believes that both the articles of clothing and the discount tags which were attached, contain exculpatory information subject to discovery, pursuant to Rule 16, Fed. R. Crim. P., <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and this Court's February 4, 1999, Standing Order on Criminal Discovery.

3. Undersigned counsel was notified that Captain Neal Frazier was representing the

       Government in this matter. Prior to filing this pleading, undersigned counsel unsuccessfully attempted to telephone Captain Frazier on several occasions and left messages for Captain Frazier with his support staff. On April 12, 2007, undersigned counsel sent a letter to Captain Frazier, requesting that he make the items available for inspection. Counsel also called and spoke to A.U.S.A. Kent Brunson on the same date to alert him to our request. He referred all matters to Captain Frazier and stated that he would be going out of town on the following day.

4. On April 16, 2007, Captain Frazier contacted undersigned counsel's office and informed the defense that the prosecution was not in possession of the merchandise. However, Captain Frazier did fax to the defense a photocopy of a photograph of the alleged merchandise. Neither the merchandise nor the tags are identifiable in the photograph.

## DISCUSSION

5. Pursuant to Rule 16(a)(1)(E), Fed. R. Crim. P., "the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies of portions of any of these items, if the item is within the government's possession, custody, or control and: (1) the item is material to preparing the defense." This Court's February 4, 1999, Standing Order on Criminal Discovery further mandates the delivery to defense counsel of all material within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Giglio</u>, 405 U.S. 150 (1972).

6. If a dispute arises regarding discovery, the February 4, 1999, Standing Order requires parties to confer and attempt to resolve it among themselves without judicial intervention, if possible.

7. As outlined above, defense counsel has made a good faith effort to resolve discovery issues with the government. However, the defense did not receive any response to its discovery request until April 16, 2007. At that time, the defense was informed that potentially exculpatory evidence was no longer available. As a substitution for the requested items, the government provided unreadable photographs. As the government has failed to comply with Rule 16 and this Court's Standing Order on Criminal Discovery, the defense moves to compel the production of the items Mrs. Murry allegedly attempted to steal or, in the alternative, moves for an order dismissing the information against Mr. Murry.

8. Federal Rule of Criminal Procedure 16(d) addresses the issue of a party's failure to comply with a discovery request. It says, in pertinent part, that "[i]f a party fails to comply with this rule, the court may: (A) order that party to permit the discovery or inspection, . . . or (D) enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). The court sanction, in certain circumstances, may take the form of an Order of Dismissal. United States v. White, 846 F.2d 678 (11th Cir.1998). Furthermore, the district court's decision concerning the imposition of a Rule 16(d)(2) sanction is a matter committed to the court's sound discretion, and will not be disturbed on appeal absence an abuse of discretion. United States v. Fernandez, 780 F.2d 1573, 1576 (11th Cir. 1986).

9. In formulating the appropriate sanction against the government for discovery violations, the court must look at: (1) the circumstances surrounding the discovery violation, (2) whether the government was acting in good faith, (3) the prejudice suffered by the defendant and (4) the feasibility of curing the prejudice through some form of sanction. United States v. Turner, 871 F.2d 1574, 1580. (11th Cir. 1989). After reviewing these factors the court may order dismissal of the indictment if it deems the circumstance warrants it. United States v.

White, 846 F.2d 678, 693 (11th Cir.1998).

10. The discovery materials requested to be produced, pursuant to Rule 16, the Court's Standing Order on Criminal Discovery, the Order of Arraignment of March 15, 2007, and the holdings of Brady v. Maryland, 373 U.S. 83 (1963); United States v. Giglio, 405 U.S. 150 (1972); and Kyles v. Whitley, 514 U.S. 419 (1995), should have been preserved by the government and maintained in their custody or control. Because undersigned counsel has not received the discovery and has now learned the items have not been properly preserved, he cannot (1) effectively represent and communicate with his client, (2) perform his duty as an officer of the court, (3) adequately prepare pretrial motions and case strategy, and (4) comply with the briefing and trial schedule set forth in the March 15, 2007, Arraignment Order.

11. The governments failure to preserve and subsequently produce the requested discoverable materials has seriously prejudiced undersigned counsel ability to defend Mrs. Murry, hindered further investigation on Mrs. Murry's behalf and makes dismissal of the Information an appropriate sanction in this case.

Dated this 16th day of April, 2007.

Respectfully submitted,

s/Robert M. Illman
**ROBERT M. ILLMAN**
**AL BAR NO.: ILL007**
Attorney for Defendant
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL: (334) 834-2099
FAX: (334) 834-0353
E-Mail: Robert_Illman@fd.org

### CERTIFICATE OF SERVICE

      I hereby certify that on April 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Kent Brunson
Assistant U.S. Attorney
One Court Street, Suite 201
Montgomery, AL 36104

Neal Frazier,
Special Assistant U.S. Attorney
50 LeMay Plaza South
Maxwell AFB, AL 36112

      Respectfully submitted,

      s/Robert M. Illman
      **ROBERT M. ILLMAN**
      **AL BAR NO.: ILL007**
      Attorney for Defendant
      Federal Defenders
      Middle District of Alabama
      201 Monroe Street, Suite 407
      Montgomery, AL 36104
      TEL:   (334) 834-2099
      FAX:   (334) 834-0353
      E-Mail: Robert_Illman@fd.org