IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR. NO. 2:07-cr-16-SRW |
| ) | |
| JOSEPHINE MURRY   ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:        Kevin Butler

SPECIAL ASSISTANT U.S. ATTORNEY:    Reese Hays

### COUNT AND STATUTES CHARGED

Count: 18 U.S.C. § 641 (Theft of Government Property)

### STATUTORY MAXIMUM PENALTIES

Sentence: a term of imprisonment of not more than one year and a fine of not more than $100,000, or both; a term of supervised release of not more than twelve months; an assessment fee of $25; and an order of restitution.

### ELEMENTS OF THE OFFENSE

1. The Defendant voluntarily, intentionally and knowingly embezzled, stole, or converted money or things of value to her own use.

2. The money or things belonged to the United States and had a value.

3. The Defendant did so with intent to deprive the owner of the use or benefit of the money or thing of value so taken.

*************************************************************************

Reese Hays, Special Assistant United States Attorney and Kevin Butler, attorney for the Defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned Defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Information and a Plea

Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the Defendant will be allowed to withdraw the Defendant's plea of guilty and will proceed to trial.

## GOVERNMENT'S PROVISIONS

1. The United States will recommend at sentencing the defendant be placed on probation for a period of one year, 40 hours of community service and a reasonable fine to be adjudged by the Court.

2. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offense and the Defendant's background.

## DEFENDANT'S PROVISIONS

1. The Defendant agrees to plead guilty to the Count of the Information.

## FACTUAL BASIS

The Defendant admits the allegations charged in the Count of the Information and understands that the nature of the charge to which the plea is offered involves proof as to the Count as follows:

1. On or about 30 November, 2006, at the Army Air Force Exchange on Maxwell Air Force Base, Alabama, in the Middle District of Alabama, Josephine Murry did steal property of the United States not exceeding $1,000.00, in violation of Title 18, Section 641, United States Code.

## **DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

1. The Defendant, before entering a plea of guilty to the Count of the Information as provided for herein by said Plea Agreement, advises the Court that:

   a. The discussions between the attorney for the Government and the attorney for the Defendant towards reaching an agreed plea in this case have taken place with the Defendant's authorization and consent.

   b. The Defendant further understands that, pursuant to Title 18, United States Code, Section 3013, the $25.00 assessment fee is to be paid by the Defendant on the date of sentencing. The Defendant further understands that by completing and submitting to the court or the Government any financial statements, the Defendant is representing that the statement is true and accurate to the best of the Defendant's information, knowledge, and belief.

   c. The Defendant understands that the Defendant has a right to be represented by an attorney at every stage of the proceedings against the Defendant herein and is represented by the Defendant's undersigned attorney.

   d. The Defendant understands that the Defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the Defendant, the right to call witnesses in the Defendant's own behalf, and the right not to be compelled to incriminate the Defendant, and that if the Defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the Defendant waives the right to a trial by jury or to a trial before the Court.

   e. The Defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if

–3–

the Defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the Defendant in a prosecution for perjury or false statement if the answers are not truthful.

  f. The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the Defendant as a result thereof is voluntary on the Defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The Defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government, and the attorney for the Defendant, all conducted with the Defendant's authorization, knowledge, and consent.

  g. The Defendant further advises the Court that the Defendant's understanding of this Plea Agreement is as set forth in this document.

  h. The Defendant further advises the Court that it is understood that the Government can only make a recommendation which is not binding on the respective Court.

  i. The Defendant further advises the Court that the Defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the Count in the Information, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the Defendant. However, the Defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the Count in the Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the Defendant under oath, on the court record, and in the presence of counsel.

j.    The Defendant is satisfied that defense counsel has been competent and effective in representing Defendant.

2.    The undersigned attorney for the Government and for the Defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the Defendant further advises the Court that the Defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the Defendant has been advised of the Defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the Defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the Defendant and the right not to be compelled to incriminate the Defendant; and that if the Defendant pleads guilty, there will not be a further trial of any kind. Further, the Defendant has been advised that if the Defendant pleads guilty, the Court may ask questions about the offense to which the Defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the Defendant in a civil or criminal proceeding, but that the Defendant's answers may later be used against the Defendant in a prosecution for perjury or false statement if the answers are not truthful.

3.    The Defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the Defendant's conduct related to the offense to which the plea is offered, as well as the Defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and

determined by the Court, may differ from that projected by Defendant's counsel or the Special Assistant United States Attorney.

This **8** day of **JAN**, 2008.

Respectfully submitted,

LEURA CANARY
United States Attorney

Reese Hays
Special Assistant United States Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.

Josephine Murray
Defendant                                                                Date: 1/8/08

Kevin Butler
Attorney for the Defendant                                                Date: 1/8/08

—6—